Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6301 | **DATE** | 9/20/2001 |
| **CASE TITLE** | USA vs. David A. Klein | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Government's motion for judgment on the pleadings [5-1] is granted and defendant David A. Klein's motion for judgment on the pleadings [6-1] is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 21 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 21 PM 12:57 | 9/20/2001 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 00 C 6301 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| DAVID A. KLEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
**SEP 2 1 2001**

## MEMORANDUM OPINION AND ORDER

The Government filed suit against David Klein to recover the amount due plus interest on defaulted student loans. In his answer, Klein admitted to defaulting on the loans, but he set forth several defenses to the Government's suit, namely, statute of limitations, the Ex Post Facto Clause of Article I of the United States Constitution, the Due Process Clause and Equal Protection Clause of the Fifth Amendment to the United States Constitution, laches, and promissory estoppel.

Presently before this Court are cross-motions for judgment on the pleadings. For the following reasons, this Court grants the Government's Motion for Judgment on the Pleadings and denies Klein's Motion for Judgment on the Pleadings.[1]

---

[1] The parties have consented to have this Court conduct any and all proceedings, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).



## I. Background

Between February 1985 and June 1987, Klein executed four promissory notes to secure loans totaling $10,909 to attend law school. Various entities guaranteed the notes, and the Government reinsured the notes under loan guaranty programs authorized under the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071–87ii.

Klein defaulted on all of the notes, one each on the following dates: June 24, 1988; September 24, 1988; July 1, 1989; and February 24, 1990. Due to the defaults, the guarantors paid the amount due under the notes to the holders of the notes, and the Government reimbursed the guarantors under the reinsurance agreements.

The first Klein heard about the default status of his loans was in early 2000. At the time, the Government sent a letter to Klein demanding full and immediate payment on the notes. If the notes were not paid, then the Government would confiscate Klein's property.

Upon receiving the demand letter, Klein contacted Clay Goggins, a representative of the Department of Justice, to inquire about a repayment plan. Goggins told Klein that a repayment plan could be worked out, but that Klein would first need to complete a financial statement. After reviewing the financial statement, Goggins told Klein that the Government would not pursue collection under the notes because Klein's assets were insufficient, but that Goggins would need to receive approval from United States Attorney Scott Lassar.

The Government's next contact with Klein regarding the notes was in October 2000, when the Government served Klein with a complaint. In four concise pages, the Government asked for principal and interest on all four notes. In his response to the complaint, Klein agreed with the Government's version of the facts, but Klein claimed that the Government could not

collect on the notes for both constitutional and equitable reasons. The instant cross-motions for judgment on the pleadings ensued.

## II. <u>Discussion</u>

### A.  Standard of Review

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991); *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995). Accordingly, a Rule 12(c) motion should not be granted unless, taking all of the facts alleged in the nonmoving party's pleading as true and viewing all of the facts alleged in the pleadings in the light most favorable to the nonmoving party, the court is convinced beyond doubt that the nonmoving party can plead no facts to establish a claim or defense. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989); *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982); *Grossman v. Minn. Mut. Life Ins. Co.*, 842 F. Supp. 308, 309 (N.D. Ill. 1993). In determining a motion for judgment on the pleadings, the court may not look at documents other than the pleadings unless those documents have been attached as exhibits to the pleadings or they have been incorporated by reference to the pleadings. *Wood*, 925 F.2d at 1581-82 (citing *Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir. 1985)).

## B. Statute of Limitations

Klein's initial argument is that the Government's claim is barred by the applicable statute of limitations. Prior to 1991, suits to recover on defaulted student loans were subject to a six-year statute of limitations, commencing on the date the loan was assigned to the Department of Education. *United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994); Student Financial Assistance Amendments of 1985, Pub. L. No. 99-272, § 16033, 100 Stat. 82, 355-56 (1986). Upon passage of the Higher Education Technical Amendments of 1991, however, the six-year statute of limitations was repealed. In its place, Congress stated that "obligations to repay loans . . . are [to be] enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." Higher Education Technical Amendments of 1991, Pub. L. No. 102-26, § 3(a), 105 Stat. 123, 124-25 (codified at 20 U.S.C. § 1091a(a)(2)(D)). Additionally, Congress declared that the amendment to the statute of limitations had retroactive effect: it applied to all student loans. *Phillips*, 20 F.3d at 1007; *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993); *Sibley v. United States Dep't of Educ.*, 913 F. Supp. 1181, 1188 (N.D. Ill. 1995); Higher Education Technical Amendments § 3(c).

As a result, the fact that the Government waited over seven years to recover on three of the defaulted loans and over five years to recover on one of the defaulted loans is not dispositive. There being no applicable statute of limitations to the Government's claims, this Court rejects Klein's statute of limitations defense.

### C. Ex Post Facto Clause

Klein next claims that the Higher Education Technical Amendments cannot apply to his case because retroactive application of the amendments would violate the Ex Post Facto Clause of the Constitution.[2] U.S. Const. art. I, § 9, cl. 3. Briefly, the Ex Post Facto Clause only applies to criminal laws. *Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952); *United States v. Dwelley*, 59 F. Supp. 2d 115, 119 (D. Me. 1999); *United States v. Johnson*, 845 F. Supp. 864, 867 (M.D. Fla. 1994). Because 20 U.S.C. § 1091a(a)(2)(D) is not criminal in nature—i.e., it merely requires Klein to pay debts he agreed to pay—Klein's invocation of the Ex Post Facto Clause is inappropriate; it provides no defense. *See Johnson*, 845 F. Supp. at 867.

### D. Due Process Clause

Klein also argues that the Higher Education Technical Amendments cannot apply to his case because retroactive application of the amendments would violate the Due Process Clause of the Constitution. In essence, Klein claims a property right in the statute of limitations that was in effect prior to 1991.

This argument was addressed and dismissed long ago in *Campbell v. Holt*, 115 U.S. 620, 628-29 (1885). It is well settled that no individual has a property right in a statute of limitations defense to a promise to pay. *Campbell*, 115 U.S. at 629 ("[N]o right is destroyed when the law restores a remedy which had been lost."). As statutes of limitations are legislatively created

---

[2] At the time Klein executed the notes, the Government had six years to recover on defaulted student loans, commencing on the date the loan was assigned to the Department of Education. *See supra* p. 4. If that statute of limitations were still in place, it appears that Klein would have a defense to at least three of the Government's claims. (*See* Compl. Exs. A, C, E.)

defenses, they are subject to legislative amendment without implication of due process rights. *United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993); *Sibley*, 913 F. Supp. at 1188-89. Consequently, application of the Higher Education Technical Amendments to Klein's case will not violate his due process rights.

### E. Equal Protection Clause

Klein's fourth defense to the retroactive application of the Higher Education Technical Amendments involves the Equal Protection Clause of the Fifth Amendment to the Constitution. The Equal Protection Clause of the Fifth Amendment provides that the United States shall afford all people equal protection under the laws. *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Its mandate is neutrality in governance; all persons similarly situated must be treated alike. *Lyng v. Castillo*, 477 U.S. 635, 636 n.2 (1986) (quoting *Hampton v. Mow Sun Wong*, 426 U.S. 88, 100 (1976)); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

The flaw in Klein's purported defense is that he has not demonstrated that the Government, through the Higher Education Technical Amendments, is treating him differently than anyone else. Indeed, under the amendments, the Government can pursue any borrower irrespective of the time that has passed between the date of the assignment of the loan and the date the complaint is filed to recover under the loan. 20 U.S.C. § 1091a(a)(2)(D). Accordingly, Klein has no defense under the Equal Protection Clause of the Fifth Amendment.

## F. Laches

Next, Klein argues that the Government should be barred from recovering on the defaulted student loans pursuant to the equitable defense of laches. Laches is a defense available against the Government only in narrow circumstances. *United States v. Admin. Enters., Inc.*, 46 F.3d 670, 672-73 (7th Cir. 1995); *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1090-91 (7th Cir. 1992). Its availability may depend on the capacity in which the government sues—i.e., as sovereign, proprietor, or representative of private interests—and on the medium through which the government acquired the right to sue—i.e., via federal statute or subrogation through contract. *Id.*; *United States v. Lindberg Corp.*, 882 F.2d 1158, 1164 (7th Cir. 1989); *United States v. Popovich*, 820 F.2d 134, 136 (5th Cir. 1987); *United States v. Litts*, No. 3:99CV120 JCH, 2000 WL 435484, at *3 (D. Conn. Feb. 28, 2000); *Dwelley*, 59 F. Supp. 2d at 118; *United States v. McLaughlin*, 7 F. Supp. 2d 90, 92 (D. Mass. 1998); *United States v. Brooks*, Civ. A. No. 97-5779, 1998 WL 32563, at *2 (E.D. Pa. Jan. 29, 1998); *United States v. Rhodes*, 788 F. Supp. 339, 342-43 (E.D. Mich. 1992). For reasons of public policy, sovereignty, and separation of powers, courts are least likely to allow a defendant to raise a defense of laches to a government suit where the government sues in its capacity as sovereign to protect a public interest or enforce a public right via a federal statute. Even where they do, under such facts, the government almost always prevails, at least where student loans are involved.

We need not address the applicability of laches in this governmental suit, however, because, based on the pleadings, we are convinced beyond doubt that Klein cannot plead any facts to establish the defense. Laches requires a showing of unreasonable delay and harm or prejudice. *Admin. Enters., Inc.*, 46 F.3d at 673; *Lindberg Corp.*, 882 F.2d at 1164. In this case,

Klein's pleading does not contain a single allegation of harm or prejudice suffered by him as a result of the Government's delay. *See Admin. Enters., Inc.*, 46 F.3d at 673 ("[B]eing lulled and then rudely awakened is not the kind of harm . . . that allows laches to be used to deprive a plaintiff of his rights."). Therefore, Klein's defense of laches must fall.

### G. Promissory Estoppel

Klein's final defense is promissory estoppel. The elements of promissory estoppel are an unambiguous promise, with reliance on that promise by the promisee, with such reliance being expected and foreseeable by the promisor, and with the promisee reasonably relying on the promise to his detriment. *Geva v. Leo Burnett Co.*, 931 F.2d 1220, 1223 (7th Cir. 1991) (quoting *Vincent DiVito, Inc. v. Vollmar Clay Prods. Co.*, 534 N.E.2d 575, 577 (Ill. App. Ct. 1989)). Estoppel, like laches, is rarely appropriate against the federal government. *Strauch v. United States*, 637 F.2d 477, 482 (7th Cir. 1980) (citing *Gressley v. Califano*, 609 F.2d 1265, 1267 (7th Cir. 1979)). Moreover, "estoppel against the Government is especially inappropriate where . . . the basis of the estoppel is an 'unauthorized representation or act of an officer or employee who is without authority in his individual capacity to bind the Government.'" *Id.* (quoting *Goldberg v. Weinberger*, 546 F.2d 477, 481 (2d Cir. 1976) ("The government could scarcely function if it were bound by its employees' unauthorized representations.").

Klein's estoppel claim is based on the words of Goggins, who told Klein that, "due to [his] low amount of assets," the Government would not "pursue collection of the debts any further and that [Goggins] would have to get the approval of the U.S. Attorney Scott R. Lassar." (Answer to Compl. ¶ 1.) In its entirety, we are convinced that Klein's description of Goggins's

statement pleads Klein out of court. Surely Goggins's "promise" can only be interpreted as being conditional on Lassar's approval, of which Lassar never gave. As such, Klein's pleading is devoid of any allegation of an unambiguous promise, and therefore, a judgment on the pleadings must be granted in the Government's favor.

III. **Conclusion**

For the reasons stated, this Court grants the Government's Motion for Judgment on the Pleadings and denies Klein's Motion for Judgment on the Pleadings.

**ENTER ORDER:**

Dated: September 20, 2001.

**MARTIN C. ASHMAN**
United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| MICHELE S. SCHROEDER, Esq.<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Suite 500<br>Chicago, IL 60604 | DAVID A. KLEIN<br>6447 North Sacramento Avenue<br>Chicago, IL 60645 |
| Attorney for Plaintiff | *Pro Se* Defendant |