Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6301 | **DATE** | 12/19/2001 |
| **CASE TITLE** | United States of America vs. David A. Klein | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's objections to the Report and Recommendation of Magistrate Judge Ashman to grant the Plaintiff's Motion for Judgment on the Pleadings

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, this Court finds that a hearing was not necessary in this case as there are no factual disputes and it is beyond doubt that Klein can plead no facts to establish his defenses. This court adopts the Report and Recommendation of Judge Ashman [11-1] and grants Judgment on the Pleadings in favor of the Plaintiff [5-1]. Accordingly, Klein's Motion for Judgment on the Pleadings is denied [6-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 14 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) | courtroom deputy's initials | 01 DEC 21 PM 3: 20 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | DEC 2 6 2001 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 00 C 6301 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| DAVID A. KLEIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is the Defendant David A. Klein's objections to the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Ashman to grant the United States' Motion for Judgment on the Pleadings. The United States alleges that Klein defaulted on student loans totaling $10,909.00 and requested entry of judgment in its favor in the amount of $23,508.98, plus interest until the date of judgment as well as post-judgment interest. This court has reviewed the Magistrate Judge's R&R, both parties' written submissions in their entirety, defendant's objections to the R&R, and plaintiff's responses and replies to those objections. For the reasons set forth below, the court will adopt the Magistrate Judge's R&R and grant Plaintiff's Motion for Judgment on the Pleadings.

### I. Factual Background

Defendant does not object to the magistrate judge's statements of fact, thus this court hereby adopts in full the magistrate judge's factual findings. These facts are set forth as follows.

-1-

Between February 1985 and June 1987, Klein executed four promissory notes to secure loans totaling $10,909 to attend law school. Various entities guaranteed the notes, and the Government reinsured the notes under loan guaranty programs authorized under the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071-87ii.

Klein defaulted on all of the notes, one each on the following dates: June 24, 1988; September 24, 1988; July 1, 1989; and February 24, 1990. Due to the defaults, the guarantors paid the amount due under the notes to the holders of the notes, and the Government reimbursed the guarantors under the reinsurance agreements.

The first Klein heard about the default status of his loans was in early 2000. At that time, the Government sent a letter to Klein demanding full and immediate payment on the notes. If the notes were not paid, then the Government would confiscate Klein's property.

Upon receiving the demand letter, Klein contacted Clay Goggins, a representative of the Department of Justice, to inquire about a repayment plan. Goggins told Klein that a repayment plan could be worked out, but that Klein would first need to complete a financial statement. After reviewing the financial statement, Goggins told Klein that the Government would not pursue collection under the notes because Klein's assets were insufficient, but that Goggins would need to receive approval from United States Attorney Scott Lassar.

The Government's next contact with Klein regarding the notes was in October 2000, when the Government served Klein with a complaint. In four concise pages, the Government asked for principal and interest on all four notes. In his response to the complaint, Klein agreed with the Government's version of the facts, but Klein claimed that the Government could not collect on the notes for both constitutional and equitable reasons.

## II. Magistrate Judge Ashman's Report & Recommendation

Judge Ashman did not hold a hearing in this matter and thus made his R&R solely from the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). While Klein did not dispute his indebtedness, he did raise several objections to his obligation to re-pay the loans including: 1) the statute of limitations; 2) the ex post facto clause; 3) the due process clause; 4) the equal protection clause; 5) laches; and 6) promissory estoppel. Judge Ashman discussed each of Klein's defenses in detail and determined that none of his defenses would bar the Government from collecting on the loans. Klein objects to the R&R and contends that his right to Due Process of Law was denied due to Judge Ashman's failure to hold a hearing in the matter.

## III. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court must "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b). The court must give "fresh consideration to those issues to which specific objections have been made." Rajaratnam v. Moyer, 47 F.3d 922, 925 n.8 (7th Cir. 1995). The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b).

Thus, we review de novo the magistrate judge's decision to grant a motion for judgment on the pleadings under Rule 12(c). We accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party (in this case the defendant). See Gustafson v. Jones, 117 F.3d 1015, 1017 (7th Cir.1997); Porter v. DiBlasio, 93 F.3d 301, 305 (7th Cir.1996). Resolution of the case pursuant to Rule 12(c) is appropriate only if

it appears beyond doubt that the nonmoving party can plead no facts to establish a claim or defense. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989).

**IV. Discussion**

Judge Ashman accepted as true all of the facts that Klein alleged in his defense. Based on those facts, Judge Ashman determined that a hearing was not necessary and he granted judgement on the pleadings in favor of the plaintiff.

A.  Statute of Limitations

Klein's first defense is that the Government's claim is barred by the six year statute of limitations that was in effect at the time the loans were issued. In 1991, however, the Higher Education Technical Amendments of 1991 ("HETA") repealed the six-year statute of limitations. Higher Education Technical Amendments of 1991, Pub. L. No. 102-26, § 3(a), 105 Stat. 123, 124-25 (codified at 20 U.S.C. § 1091a(a)(2)(D)). With HETA Congress eliminated any statute of limitations (state or federal) on the enforcement of such loans. See 20 U.S.C. § 1091a(a). It also provided that, for cases brought before November 15, 1992 (which would not cover the suit against Klein), the amendment should apply as if it had been enacted in the Consolidated Omnibus Budget Reconciliation Act of 1985, Pub. L. No. 9-272 (1986); that is, the amendment revived for a limited period collections actions that had been barred at the date of HETA's enactment. HETA § 3(a) - (c), Pub. L. No. 102-26, 105 Stat. 123 (1991). In 1992 Congress then eliminated this condition on revival, and so revived all previously barred claims regardless of when suit was brought. HETA § 3(c), Pub. L. No. 102-325, § 1551, 106 Stat. 448, 838 (1992). See United States v. Singer, No. 96-5356, 1997 U.S. App. LEXIS 37559 (D.C. Cir. Nov. 10,

-4-

1997); United States v. Phillips, 20 F.3d 1005 (9th Cir. 1994); United States v. Hodges, 999 F.2d 341, 341-42 (8th Cir. 1993).

Therefore, the fact that the Government waited over seven years to recover on three of the defaulted loans and over five years to recover on one of the defaulted loans has no bearing on Klein's obligation to repay the loans. Thus, it appears beyond doubt that Klein can plead no facts to establish a defense on the basis of the statute of limitations. Judgment on the pleadings was proper.

B. Ex Post Facto Clause

Klein next argued that HETA cannot apply to his case because the retroactive application of the amendments would violate the Ex Post Facto Clause of the Constitution. Article I, § 9 & 10 of the Constitution of the United States prevents the federal government from enacting ex post facto laws. Justice Marshall defined an ex post facto law in Fletcher v. Peck, 10 U.S. 87, 3 L. Ed. 162 (1810), as one which renders an act punishable in a manner in which it was not punishable when it was committed. It is beyond dispute that the ex post facto clause applies only to criminal laws. Harisiades v. Shaughnessy, 342 U.S. 580, 96 L. Ed. 586, 72 S. Ct. 512 (1952) and Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798). However, the prohibition on ex post facto laws cannot simply be circumvented by Congress with the enactment of a civil law which is primarily criminal in nature.

If a law is one which has a retroactive punitive effect in that it punishes conduct that was not punishable at the time it occurred, it may be deemed ex post facto. Traditionally, courts have been willing to deem, ex post facto, only those laws which impose criminal measures, such as increased severity of punishment; increased imprisonment; or increased penalties for a crime of

which the offender has previously been convicted. The rationale behind the Constitution's ban on ex post facto laws is grounded in notions of fair notice. It is considered unjust to charge and punish someone with a crime who could not have known that his conduct was illegal or subject to penalty at the time he committed the act.

Defendant argues that 20 U.S.C. § 1091a(a)(2)(D) constitutes an ex post fact law. Defendant's argument is without merit. 20 U.S.C. § 1091a(a)(2)(D) enables the government to collect on an educational loan in default regardless of any statute of limitations. It is clear from the language on the face of the statute that Congress did not intend for this law to be criminal in nature nor retroactively punish citizens affected by the law. Section 1091a(a)(2)(D) is not punitive in either purpose or effect so as to require it to be considered a quasi-criminal provision barred by the ex post facto clause of the United States Constitution. Section 1091a(a)(2)(D) does not inflict punishment on Defendant. Moreover, the law does not inflict any greater punishment on Defendant than the law did when he defaulted.

Defendant willingly entered into a contract for a monetary loan, fully aware of his obligation under the contract and the law. HETA merely enables the Government to pursue those individuals who enter into contracts for a loan and subsequently default on their obligation. It is too clear to require further discussion, that § 1091a(a)(2)(D) is not an ex post facto law. Consequently, this Court rejects the defendant's ex post facto claim and holds that § 1091a(a)(2)(D) does not run afoul of the ex post facto clause. As this court is convinced beyond doubt that Klein can plead no facts to establish that HETA is an ex post facto law, judgment on the pleadings was proper as to this defense.

C.  Due Process Clause

Klein maintains that HETA cannot apply to his case because retroactive application of the amendments would violate the Due Process Clause of the Constitution. Klein asserts a property right in the six-year statute of limitations that was in effect at the time his loans were disbursed. In Campbell v. Holt, the Supreme Court stated "[n]o man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says, time shall be no bar, though such was the law when the contract was made." 115 U.S. 620, 628-29, 6 S.Ct. 209, 29 L. Ed. 483 (1885); see also G.D. Searle & Co. v. Cohn, 455 U.S. 404, 408, 102 S. Ct. 1137, 71 L. Ed. 2d 250 (1982) (explaining that the shelter provided by a statute of limitations does not amount to a right and is ultimately controlled by the legislature).

As the foregoing cases illustrate, it is well settled that no individual has a property right in a statute of limitations defense to a promise to pay. Due Process is therefore not implicated when a statue of limitations is amended by the legislature. United States v. Hodges, 999 F.2d 341, 342 (8th Cir. 1993); Sibley v. U.S. Department of Education, 913 F.Supp. 1181, 1188-89 (N.D. Ill. 1995) (collecting cases). Thus, it is beyond doubt that Klein can plead no facts to establish a violation of his due process rights and judgment on the pleadings was proper.

D.  Equal Protection Clause

Klein also complains that the retroactive application of HETA violates his right to Equal Protection of the law under the Fifth Amendment to the Constitution. Wayte v. United States, 470 U.S. 598, 610 n.9, 84 L. Ed. 2d 547, 105 S. Ct. 1524 (1985) (citing Bolling v. Sharpe, 347 U.S. 497, 499, 98 L. Ed. 884, 74 S. Ct. 693 (1954)). The equal protection clause requires the government to treat all similarly situated persons alike. Lyng v. Castillo, 477 U.S. 635, 636 n.2

(1986) (quoting Hampton v. Mow Sun Wong, 426 U.S. 88, 100 (1976)). Klein, however, has not demonstrated that the government, through HETA, is treating him any differently than anyone else. Under HETA, the government can pursue any borrower regardless of the time that has passed between the date of the assignment of the loan and the date the complaint is filed to recover under the loan. 20 U.S.C. § 1091a(a)(2)(D). Therefore, the Equal Protection clause is not implicated by the retroactive application of HETA. Judgment on the pleadings was proper as to this defense since it is beyond doubt that Klein can plead no facts to support it.

E.  Laches

Next, Klein argues that the Government should be barred from recovering on the defaulted student loans pursuant to the equitable defense of laches. Laches is a ground for dismissing a suit if the defendant can show that the plaintiff delayed unjustifiably in filing and that as a result the defendant was harmed, either by being hampered in his ability to defend or by incurring some other detriment. United States v. Admin. Enters., 46 F.3d 670, 672 (7th Cir. 1995); NLRB v. P * I * E Nationwide, Inc., 894 F.2d 887, 893-94 (7th Cir. 1990); EEOC v. Vucitech, 842 F.2d 936, 942-43 (7th Cir. 1988); A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020, 1033 (Fed. Cir. 1992). Laches, however, can only be used against the Government in narrow circumstances. Admin. Enters., Inc. 46 F.3d at 672-73. Its availability may depend on the capacity in which the government sues -i.e., as sovereign, proprietor, or representative of private interests - and on the medium through which the government acquired the right to sue - i.e, via federal statute or subrogation through contract. Id.

Assuming, arguendo, that this is one of the limited circumstances that laches could be asserted against the government, Klein did not plead facts sufficient to make out the defense.

This court finds, as Judge Ashman did, that no harm or prejudice resulted from the government's delay in bringing suit to recover the loans. Klein wilfully borrowed money to fund his education and was aware of his obligation to repay his loan. The amount of money Klein borrowed is fixed on the promissory notes. His liability on the notes did not increase by the government's failure to bring suit earlier. Thus, in the absence of prejudice or any facts in the pleading to establish such prejudice, laches is not a defense to the government's action. Judgment on the pleadings as to the defense of laches was proper.

F.  Promissory Estoppel

Klein's final defense is promissory estoppel. The elements of promissory estoppel are an unambiguous promise, with reliance on that promise by the promisee, with such reliance being expected and foreseeable by the promisor, and with the promisee reasonably relying on the promise to his detriment. Geva v. Leo Burnett Co., 931 F.2d 1220, 1223 (7th Cir. 1991) (quoting Vincent DiVito, Inc. v. Vollmar Clay Prods. Co., 534 N.E.2d 575, 577 (Ill. App. Ct. 1989)). Estoppel, like laches, is rarely appropriate against the federal government. Strauch v. United States, 637 F.2d 477, 482 (7th Cir. 1980) (citing Gressley v. Califano, 609 F.2d 1265, 1267 (7th Cir. 1979)). Moreover, "estoppel against the Government is especially inappropriate where ... the basis of the estoppel is an 'unauthorized representation or act of an officer or employee who is without authority in his individual capacity to bind the Government.'" Id. (quoting Goldberg v. Weinberger, 546 F.2d 477, 481 (2nd Cir. 1976) ("The government could scarcely function if it were bound by its employees' unauthorized representations.").

Klein claims the government is estopped from collecting the debts because Mr. Clay Goggins (a Justice Department representative) told him that, "due to [Klein's] low amount of

assets," the Government would not "pursue collection of the debts any further and that [Goggins] would have to get the approval of the U.S. Attorney Scott R. Lassar." Accepting that as a true and accurate account of the conversation between Klein and Goggins, this court is not convinced that estoppel applies. Goggin's promise (if it can be called that) was clearly conditioned on Lassar's approval and thus was not "unambiguous." In the absence of confirmation that approval was obtained from Lassar, Klein had no reason to rely on Goggin's statement that the government would not pursue the debt. Further, it is clear from Goggin's statement that he did not have the authority to bind the Government which makes estoppel particularly inappropriate in this case. Therefore judgment on the pleadings was appropriate as to the estoppel defense because it is beyond doubt that Klein can plead no facts to establish estoppel.

## Conclusion

For the foregoing reasons, this Court finds that a hearing was not necessary in this case as there are no factual disputes and it is beyond doubt that Klein can plead no facts to establish his defenses. This court adopts the Report and Recommendation of Judge Ashman and grants Judgment on the Pleadings in favor of the Plaintiff. Accordingly, Klein's Motion for Judgment on the Pleadings is denied.

Enter:

David H. Coar
United States District Judge

Dated: